WILLIAM TAMAYO, REGIONAL ATTORNEY
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102-3661

JOHN STANLEY, SUPERVISORY TRIAL ATTORNEY
DAMIEN LEE, SENIOR TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WA 98104
Tel: (206) 220-6915
Damien.Lee@eeoc.gov

ATTORNEYS FOR PLAINTIFF EEOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>RUBY TUESDAY, INC.,<br><br>                    Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>Title VII Action<br><br>DEMAND FOR JURY TRIAL |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Party Andrew Herrera ("Mr. Herrera"), and Class Member Joshua Bell, and other similarly situated individuals who were also adversely affected by such practices. The Equal Employment Opportunity Commission alleges that defendant Ruby Tuesday, Inc.

COMPLAINT - Page 1
EEOC v. Ruby Tuesday, Inc.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

("Ruby Tuesday") categorically deprived male employees of the opportunity to apply for temporary server or bartender positions at its Park City, Utah location in 2013. Mr. Herrera was an employee of Ruby Tuesday in Corvallis, Oregon who was available to be reassigned to Park City in 2013 but was denied the opportunity because of his sex (male). Plaintiff seeks monetary relief, including pecuniary and nonpecuniary compensatory and punitive damages, and injunctive relief, on behalf of Mr. Herrera, Mr. Bell, and a class of other similarly situated individuals.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful in Mr. Herrera's charge were committed within the jurisdiction of the United States District Court for the District of Oregon and within the jurisdictions of United States District Courts in Arizona, Colorado, Iowa, Minnesota, Missouri, Nebraska, Nevada and Utah.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

**COMPLAINT -** Page 2
EEOC v. Ruby Tuesday, Inc.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

4. At all relevant times, defendant Ruby Tuesday has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5. At all relevant times, defendant Ruby Tuesday has been a corporation continuously doing business in the states of Oregon, Arizona, Colorado, Iowa, Minnesota, Missouri, Nebraska, Nevada and Utah, and has continuously had at least 15 employees.

## CONDITIONS PRECEDENT

6. More than thirty (30) days prior to the institution of this lawsuit, Mr. Herrera filed a charge with the Commission alleging violations of Title VII by Defendant Ruby Tuesday.

7. The EEOC issued to Defendant a Letter of Determination dated August 14, 2014, notifying Defendant that the EEOC found reasonable cause to believe that Defendant had discriminated against Charging Party based on his sex (male) and a class of similarly situated male employees, when Defendant only considered female employees for temporary reassignment to the Park City, Utah restaurant in the summer of 2013 in violation of Title VII.

8. The conciliation efforts required by law have occurred and were unsuccessful.

   a. The EEOC issued to Defendant a Letter of Determination dated August 14, 2014, inviting Defendant to participate in conciliation.

   b. The EEOC issued to Defendant a letter dated January 7, 2015, advising Defendant that the EEOC was not able to secure an agreement, and efforts to conciliate the case were unsuccessful.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

COMPLAINT - Page 3
EEOC v. Ruby Tuesday, Inc.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

STATEMENT OF CLAIMS

10.     Since at least March 2013, Defendant Ruby Tuesday engaged in unlawful employment practices within the nine-state region covered by its Senior Regional Partner in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(2). This nine-state region included Oregon, Arizona, Colorado, Iowa, Minnesota, Missouri, Nebraska, Nevada, and Utah. The practices include limiting, segregating, or classifying internal applicants for employment in a way that deprived individuals of employment opportunities and otherwise adversely affected their status as internal applicants because of such individual's sex when Ruby Tuesday advertised temporary positions at the Park City, Utah Ruby Tuesday location with an explicit and exclusive preference for female applicants. Ruby Tuesday then selected seven (7) females from other Ruby Tuesday restaurants for these temporary positions at the Park City, Utah restaurant for the summer of 2013. Ruby Tuesday did not select any male for a temporary position at the Park City, Utah restaurant for the summer of 2013.

11.     Since at least March 2013, Defendant Ruby Tuesday has published internal advertisements for temporary reassignment at its restaurants in Oregon, Arizona, Colorado, Iowa, Minnesota, Missouri, Nebraska, Nevada and Utah, indicating a preference, specification, or limitation based on sex, in violation of Section 704(b) of Title VII, 42 U.S.C. § 2000e-3(b).

12.     Mr. Herrera, who worked at the Corvallis, Oregon Ruby Tuesday, was denied the opportunity to earn more money and gain valuable work experience while on temporary assignment to Park City, Utah for the summer of 2013 because of his sex (male). Mr. Herrera would also have saved on rent and other expenses if Ruby Tuesday had allowed him to work at the Park City, Utah restaurant because Ruby Tuesday would have provided housing free of charge.

COMPLAINT - Page 4
EEOC v. Ruby Tuesday, Inc.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

13. Mr. Bell, who worked at the Republic, Missouri Ruby Tuesday, learned of the possibility of the Park City, Utah temporary assignment in 2013 through an internal advertisement posted at his restaurant. Mr. Bell was denied the opportunity to earn more money and gain valuable work experience while on temporary assignment to Park City, Utah for the summer of 2013 because of his sex (male). Mr. Bell would also have saved on rent and other expenses if Ruby Tuesday had allowed him to work at the Park City, Utah restaurant because Ruby Tuesday would have provided housing free of charge.

14. The effect of the practices complained of in paragraphs 10, 11, 12 and 13 above has been to deprive Messrs. Herrera and Bell, and other similarly situated males of equal employment opportunities and otherwise adversely affect their status as internal applicants for employment, because of their sex.

15. The unlawful employment practices complained of in paragraphs 10, 11, 12 and 13 above were intentional.

16. The unlawful employment practices complained of in paragraphs 10, 11, 12 and 13 above were done with malice or with reckless indifference to the federally protected rights of Messrs. Herrera, Bell, and other similarly situated males.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining defendant Ruby Tuesday, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in limiting, segregating, or classifying applicants for employment in a way

COMPLAINT - Page 5
EEOC v. Ruby Tuesday, Inc.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

that deprives individuals of employment opportunities and otherwise adversely affects their status as applicants because of such individual's sex.

      B.      Order defendant Ruby Tuesday to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order defendant Ruby Tuesday to make whole Messrs. Herrera and Bell, and other similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 10, 11, 12 and 13 above in amounts to be determined at trial.

      D.      Grant a permanent injunction enjoining defendant Ruby Tuesday from publishing advertisements related to employment indicating a preference, specification, or limitation based on sex, in violation of Section 704(b) of Title VII, 42 U.S.C.§ 2000e-3(b).

      E.      Order defendant Ruby Tuesday to make whole Messrs. Herrera and Bell, and other similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10, 11, 12 and 13 above, including past and future out-of-pocket expenses, in amounts to be determined at trial.

      F.      Order Defendant Ruby Tuesday to make whole Messrs. Herrera and Bell, and other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10, 11, 12 and 13 above, including without limitation emotional pain, suffering, inconvenience and loss of enjoyment of life, in amounts to be determined at trial.

**COMPLAINT -** Page 6
EEOC v. Ruby Tuesday, Inc**.**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

G. Order Defendant Ruby Tuesday to pay Messrs. Herrera and Bell, and other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 10, 11, 12 and 13 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 22nd day of January, 2015.

| | |
|---|---|
| WILLIAM R. TAMAYO<br>Regional Attorney | P. DAVID LOPEZ<br>General Counsel |
| JOHN STANLEY<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| DAMIEN LEE<br>Senior Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |

BY:  *s/ William R. Tamayo*
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
909 First Avenue, Suite 400
Seattle, Washington 98104
Telephone (206) 220-6920

Office of the General Counsel
131 M Street N.E., 5th Floor
Washington, D.C. 20507

Attorneys for Plaintiff EEOC

**COMPLAINT -** Page 7
EEOC v. Ruby Tuesday, Inc.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882